**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| -------------------------------------------------- | § |  |
| IN RE:  DePUY ORTHOPAEDICS, INC. | § | Civil Action No.: 1:13-dp-21470 |
| ASR HIP IMPLANT PRODUCTS | § | MDL Docket No.:  1:10-md-2197 |
| LIABILITY LITIGATION | § |  |
|  | § |  |
|  | § | **SHORT FORM COMPLAINT** |
|  | § | **FOR** |
|  | § | **DePUY ORTHOPAEDICS, INC.** |
|  | § | **ASR HIP IMPLANT PRODUCTS** |
|  | § | **LIABILITY LITIGATION** |
| -------------------------------------------------- |  |  |
| This applies to: |  | **JURY TRIAL DEMAND** |

Ronald Protasiewicz
v. DePuy Orthopaedics, Inc. *et al.*
--------------------------------------------------
RONALD PROTASIEWICZ

                    PLAINTIFF,

       -against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DePUY INTERNATIONAL LIMITED;
JOHNSON & JOHNSON; JOHNSON &
JOHNSON SERVICES, INC.;
JOHNSON & JOHNSON INTERNATIONAL,

                    Defendants

-----------------------------------------------------------

**ABBREVIATED SHORT FORM COMPLAINT FOR DePuY ORTHOPAEDICS,**
**INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

        1.        Plaintiff, Ronald Protasiewicz, states and brings this civil action before the

Court for the United States District Court for the Northern District of Ohio as a related

action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP

IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2197.  Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

**2.** Venue of this case is appropriate in the United States District Court for the District of Minnesota. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the United States District Court for the District of Minnesota. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff, Ronald Protasiewicz, is a resident and citizen of Hennepin County, MN, and claims damages as set forth below.

4. Plaintiff was born in 1961.

5. Plaintiff claims damages as a result of:

|  |  |
|---|---|
| __X__ | injury to herself/himself |
| _____ | injury to the person represented |
| _____ | wrongful death |
| _____ | survivorship action |
| __X__ | economic loss |
| _____ | loss of service |
| _____ | loss of consortium |

## ALLEGATIONS AS TO INJURIES

6.     Plaintiff was implanted with a DePuy ASR hip implant on plaintiff's right hip on or about 9/25/2007, at North Memorial Hospital in Robbinsdale, MN, by Brian O'Neill, M.D.

7.     Plaintiff suffered the following personal and economic injuries as a result of implantation with the ASR hip implant: physical injuries, economic losses and medical expenses; past, present and future pain and suffering, permanent physical injuries, disfigurement, and emotional distress.

8.     Plaintiff has suffered injuries as a result of the implantation of the DePuy ASR hip implant manufactured by Defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the Defendants and are incorporated by reference herein.

9.     At the time of implantation with the ASR hip implant, Plaintiff resided in Hennepin County, MN.

10.     The Defendants by their actions or inactions, proximately caused Plaintiff's injuries.

11.     Plaintiff could not have known that the injuries plaintiff suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and Plaintiff came to learn of the recall.

12.     Plaintiff could not have known that plaintiff was injured by excessive levels of chromium and cobalt until after the date plaintiff had blood drawn and plaintiff was advised of the results of said blood-work.

3

13.     As a result of the injuries Plaintiff sustained, plaintiff is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

**ALLEGATIONS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

14.     The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

__X__ FIRST CAUSE OF ACTION
(NEGLIGENCE);

__X__ SECOND CAUSE OF ACTION
(NEGLIENCE PER SE);

__X__ THIRD CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

__X__ FOURTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

__X__ FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

__X__ SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

__X__ SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANT LIABILITY)

__X__ EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

__X__ NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

__X__ TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

__X__ ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPESENTATIVE);

__X__ TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

__X__ THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

__X__ FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

__X__ FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

__X__ SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

__X__ SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

__X__ EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIENCE MALICE)

__X__ NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

__X__ TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES)

__X__ TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

__X__ TWENTY-SECOND CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages requested and according to proof;

2.     For punitive or exemplary damages against Defendants;

3.     For all applicable statutory damages of the state whose laws will

       govern this action;

4.     For medical monitoring, whether denominated as damages or in

       the form of equitable relief;

5.     For award of attorneys' fees and costs;

6.     For prejudgment interest and the costs of suit; and

7.     For such other and further relief as this Court may deem just and

       proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.


Date: November 15, 2013              **Respectfully submitted,**

                                     By: /s/ Steven M. Johnson_____
                                     Steven M. Johnson (TX Bar No. 10794040)
                                     **THE JOHNSON LAW FIRM**
                                     3437 West Seventh Street # 258
                                     Fort Worth, TX  76107
                                     Telephone:  (817) 339-8878
                                     Facsimile:  (888) 887-2935


                                     *ATTORNEY       FOR       PLAINTIFF*